```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-1-2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA        :
                                :
        - v. -                  :      **PROTECTIVE ORDER**
                                :
DAVID KENNEDY,                  :      21 Cr. 344 (LAK)
                                :
        Defendant.              :
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Upon the application of the Government, with the consent of the defendant, David Kenedy, through undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material**. The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities not named as parties in this case; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material**. Certain of the Government's Disclosure Material, referred to herein as "Sensitive Disclosure Material," contains information (i) that

identifies, or could lead to the identification of individual victims, (ii) relates to trade secrets and sensitive business information of victims, or (iii) contains sensitive financial information and identifiers, such as bank accounts and social security numbers. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. **Good Cause**. There is good cause for entry of the protective order set forth herein:

4. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

5. Disclosure Material may be disclosed by each defense counsel to:

(a) The defendant represented by that defense counsel;

(b) Personnel for whose conduct that defense counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action;

(c) Independent expert witnesses or advisors retained, pursuant to a written retainer agreement, by that defense counsel in connection with this criminal case;

(d) Prospective witnesses, and their counsel, for purposes of defending this action; and,

(e) Such other persons as hereafter may be authorized by the Government or by order issued by the Court.

6. The defendant shall not disclose any Disclosure Material.

7. The defense shall provide a copy of this Order to prospective witnesses and persons retained by defense counsel to whom the defense has provided Disclosure Material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

8. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further order of this Court.

9. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or order of the Court. All filings should comply with the privacy protection provisions of Ped. R. Crim. P. 49.1.

**Disclosure and Protection of Seized ESI**

10. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized or will seize during the course of the Government's investigation in this matter.

11. The Government is authorized to disclose to defense counsel, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the Seized ESI Disclosure Material"). The defendant, his defense counsel, and personnel for whose conduct defense counsel is responsible-that is, personnel employed by or retained by counsel-may review the Seized ESI Disclosure Material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the Seized ESI Disclosure Material except as otherwise set forth under this Order.

3

12. This Order places no restriction on the defendant's use or disclosure of ESI that originally belonged to the defendant.

### Return or Destruction of Material

13. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including the Seized ESI Disclosure Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

### Retention of Jurisdiction

14. The provisions of this Order shall not terminate at the conclusion of this prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

**Execution in Counterparts**

15. This Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same Order. Signature pages may be by fax or by .pdf and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

Damian Williams
United States Attorney

by: _____         Date: August 29, 2023
    Vladislav Vainberg

    _____         Date: 8-31-23
    Thomas F. Dunn
    Counsel for David Kennedy


SO ORDERED:

/s/ Lewis A. Kaplan
_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK
Dated: September 1, 2023

5